**SO ORDERED.**
**SIGNED this 16th day of August, 2019**



_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

___

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

In re

ROBIN ANNETTE ENSMINGER

Debtor

Case No. 3:19-bk-32626-SHB
Chapter 7

## O R D E R

As required by 11 U.S.C. § 329(a), Debtor's counsel, Brent S. Snyder, filed a Disclosure of Compensation of Attorney for Debtor(s) ("Disclosure") on August 15, 2019 [Doc. 3], setting forth, *inter alia*, the amount, source, and nature of the compensation paid to him for services to be rendered on Debtor's behalf in this Chapter 7 bankruptcy case. The Disclosure reflects that counsel agreed to accept a total fee of $1,465.00, of which $0.00 was paid by Debtor pre-petition, leaving a balance due of $1,465.00 for the following services:

> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required; c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof; d. Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

[Doc. 3 at ¶ 5.] The following services are expressly excluded:

> Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

[Doc. 3 at ¶ 6.]

Upon review of the Disclosure, the Court, on its own motion, directs Mr. Snyder to appear on September 5, 2019, at 9:30 a.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee, to show cause why the fee arrangement set forth in the Disclosure whereby he has charged Debtor a flat fee of $1,465.00 but did not collect the fee pre-petition is not contrary to the principles established by this Court in *In re Waldo*, 417 B.R. 854, 885 (Bankr. E.D. Tenn. 2009) (holding that flat fees are pre-petition obligations "irrespective of when services were to be rendered" and "unpaid portions of a flat fee contracted for pre-petition constitute[] a pre-petition obligation of a debtor which is dischargeable"), and *In re Lawson*, 437 B.R. 609 (Bankr. E.D. Tenn. 2010) ("To state it plainly, the court finds that a pre-petition contract which fixes or predetermines the total amount of the fee a debtor is required to pay for both pre- and post-petition services establishes a "flat fee" under the authority of *Waldo*[.]").

###